HENRY A. MIX *et al.*, Appellants, *v.* THE PEOPLE, etc., Appellees.

### APPEAL FROM OGLE.

It is error to pronounce judgment on a *scire facias* on a recognizance, when there is a plea unanswered, averring that the cognizor was dead at the time he should have been produced.

THIS was a *scire facias* on a recognizance entered into by Daniel J. Groendyke as principal, and Henry A. Mix and Albert Woodcock as sureties, conditioned that Groendyke should appear at the next term of Ogle Circuit Court, to answer an indictment for larceny.

*Scire facias* further sets out, that said Groendyke, at the

June term, came not, but made default, etc., and the recognizance was forfeited, etc., and summoned Groendyke, Mix and Woodcock to appear and show cause why execution should not issue, etc.

Mix and Woodcock pleaded, first, no such record as is in the *scire facias* alleged.

2nd.  No such judgment remaining upon the records of Ogle county as is in said *scire facias* alleged.

3rd.  That they were always ready and willing to surrender the body of Groendyke, etc., but there was and is no indictment, etc., on which to surrender him.

4th.  That Groendyke is dead and cannot be surrendered.

5th.  That there is no indictment, etc., against Groendyke.

6th.  That no indictment was ever returned into the Ogle Circuit Court against Groendyke.

Replication to 1st plea:  That there is a record of the said recognizance in said *scire facias* mentioned.  Other pleas unanswered.

The jury found the issues for the plaintiff.

Motion for a new trial and in arrest of judgment, were overruled by the court, and the following judgment was entered: "It is therefore ordered and adjudged by the court, that the said people have execution against the said Daniel Groendyke, heretofore defaulted herein, for the sum of five hundred dollars, the penalty in said recognizance, and against the said Henry A. Mix, for the sum of two hundred and fifty dollars, and against the said Albert Woodcock, for the like sum of two hundred and fifty dollars, the penalty in said recognizance mentioned, according to the form and effect of their said recognizance, and for their costs in this behalf expended."

Appeal to Supreme Court, by Mix and Woodcock.

Errors assigned: The court erred in proceeding to try the cause with the pleas unanswered ; in overruling the motion in arrest of judgment; in overruling the motion for a new trial; and in rendering judgment aforesaid in manner and form aforesaid.

GLOVER, COOK & CAMPBELL, for Appellants.

D. P. JONES, State's Attorney, for The People.

CATON, C. J.  Six pleas were filed to this *scire facias*, but one of which seems to have been noticed.  This was the first, to which a replication was filed.  Whatever may be said of the other pleas unanswered, the fourth plea filed by the surety was undoubtedly a good plea.  It averred that the prisoner was dead at the time the cognizor was required to produce him.  It

was undoubtedly error to proceed to trial and judgment while this plea remained unanswered.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*